**Benjamin HARMATZ, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY,**
**Defendant.**

United States District Court
S. D. New York.
Feb. 14, 1959.

**512**

Benjamin Harmatz, New York City, pro se.

McCarthy & McGrath, New York City, for defendant. Marshall D. Sweetbaum, New York City, of counsel.

### DAWSON, District Judge.

This is a motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

The complaint alleges in substance that the plaintiff Harmatz is an attorney who was retained by the parents of one Maria Natal, an infant, in connection with personal injuries sustained by said Maria in an automobile accident involving one Alex A. Alarid, who was an employee of and insured by the defendant, Allstate Insurance Company; that both Alarid and Allstate Insurance Company were advised that the plaintiff was the attorney for said Maria; that Allstate Insurance Company thereafter caused a physician to physically examine Maria without the knowledge or consent of the plaintiff; that this created an improper interference with the relationship of attorney and client between plaintiff and Maria and caused "plaintiff to sustain damages including great mental pain, suffering, anguish and anxiety," aggregating in the seven causes of action alleged by the plaintiff the sum of three million dollars.

If the defendant, through an attorney, did the acts complained of (as may be assumed on this motion) it may well have committed acts which violate the rule of the Appellate Division applicable to the conduct of attorneys, which reads:

"No attorney shall communicate directly or indirectly upon the subject of any such pending claim or action with an adverse party plaintiff or defendant known to him to be represented by attorney without the latter's knowledge and consent, nor shall he permit any claim agent or other representative of his client to interview an adverse party plaintiff or defendant or obtain any statement from him, or make any settlement with him without the knowledge and consent of the latter's attorney." Special Rules Regulating the Conduct of Attorneys and Counselors at Law in the First Judicial Department, Rule IV–E.

If the defendant did the acts directly rather than through an attorney it may not have been violating the rule, although it undoubtedly was engaging in conduct which is not in accordance with the standard usually required. See, Obser v. Adelson, Sup. Special Term, N.Y. County 1949, 96 N.Y.S.2d 817, 818.

"It will be noted that the rule does not simply apply to an adverse party in the action, but prohibits the communication by an attorney directly or indirectly upon the subject of any such pending claim or action."

The penalty for violations of this rule is not a personal action for damages by the aggrieved attorney. If any damages were suffered as a result of the conduct of the defendant they may well have been damages of Maria, but no such damages are alleged in the complaint. Rather the plaintiff, her attorney, seeks to collect three million dollars of damages as his own personal damages. However, he alleges no statement of the claim which would show that he personally had suffered any damages or was entitled to any damages. The plaintiff may well have suffered justifiable annoyance at the violation by defendant of the rules governing the handling of lawsuits, but annoyance alone is not a basis for the award of damages. He has not alleged loss of his client, loss of the case, diminution of his fees or anything else that could be compensated for in damages. The complaint seeks to set up a contrived cause of action designed to let the law-

yer cash in on the unethical conduct of an opponent with no allegation of compensable damages suffered by the lawyer. If every time a lawyer is annoyed or disturbed by the unethical conduct of his opponent he may bring a lawsuit for damages against his opponent, the courts of this country would be unable to handle the flood of litigation which would ensue.

The motion to dismiss the complaint is granted. So ordered.